UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARRELL W., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00629-TAB-JMS |
| | ) |
| MARTIN J. O'MALLEY, Commissioner of the | ) |
| Social Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S
BRIEF IN SUPPORT OF APPEAL**

**I.      Introduction**

Plaintiff Darrell W. appeals the Social Security Administration's denial of his application for disability insurance benefits. Plaintiff primarily argues that the Administrative Law Judge erred by failing to submit significant medical evidence to medical scrutiny to account for his chronic obstructive pulmonary disease (COPD). The Commissioner disagrees, arguing that the ALJ carefully considered Plaintiff's diagnoses of emphysema and pulmonary embolism and adequately accounted for his limitations in the RFC finding. Plaintiff persuasively argues that the ALJ impermissibly relied on her own lay assessment of recent medical evidence, including diagnostic testing, without proper support or input from medical sources. Accordingly, Plaintiff's request for remand is granted. [Filing No. 12.]

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley automatically became the Defendant in this case when he was sworn in as Commissioner of the Social Security Administration on December 20, 2023, replacing Acting Commissioner of the Social Security Administration Kilolo Kijakazi.

**II.     Background**

On April 14, 2020, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income. In both applications, Plaintiff alleged disability beginning on August 1, 2019. The SSA denied Plaintiff's claims initially and upon reconsideration. Following a hearing, the ALJ determined that Plaintiff was not disabled.

The ALJ followed the SSA's five-step sequential process to determine if Plaintiff was disabled. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 1, 2019, the alleged onset date. At step two, the ALJ determined that Plaintiff had the following severe impairments: tinnitus, right moderate sensorineural hearing loss, left moderately severe sensorineural hearing loss, hypertension, polysubstance abuse (cannabis use disorder, sedative use disorder, alcohol dependence), and a history of pulmonary embolism. [Filing No. 9-2, at ECF p. 14.]

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or his remaining ability to work despite his limitations. The ALJ concluded that Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), but with the following limitations:

> [Plaintiff] can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, [Plaintiff] can occasionally climb ladders, ropes, and scaffolds, [Plaintiff] should avoid concentrated exposure to dust, odors, fumes, and pulmonary irritants, [Plaintiff] should avoid concentrated exposure to unprotected heights, dangerous moving mechanical parts, or operating a commercial motor vehicle, and [Plaintiff] can be exposed to a moderate amount of noise, which means business offices where typewriters are used, department stores, grocery stores, light traffic, and fast food restaurants at off hours.

[Filing No. 9-2, at ECF p. 18.]  At step four, the ALJ found that Plaintiff had no past relevant work.  The ALJ further noted that on the alleged disability onset date, Plaintiff was 54 years old, and he subsequently changed age category to advanced age.  [Filing No. 9-2, at ECF p. 24.]  Finally, at step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform, including general laborer, self-service laundry attendant, and dining room attendant.  Accordingly, the ALJ concluded that Plaintiff was not disabled.

### III.    Discussion

Plaintiff argues the ALJ failed to properly evaluate the medical opinion evidence, and the RFC finding did not adequately account for Plaintiff's COPD.  The Court reviews the ALJ's decision to determine whether the ALJ's factual findings are supported by substantial evidence.  *See, e.g., Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)).  In addition, the Court reviews "to determine whether [the ALJ's decision] reflects an adequate logical bridge from the evidence to the conclusions." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).  "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner.  Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

### A. Review of Medical Evidence

First, Plaintiff argues that the ALJ failed to submit significant medical evidence to medical scrutiny and properly evaluate later treatment records referencing Plaintiff's COPD. At the reconsideration stage of review, Plaintiff alleged he suffered from a new condition as of May 15, 2021: embolisms in both lungs. [Filing No. 9-3, at ECF p. 39.] At step two, the ALJ noted Plaintiff was diagnosed with emphysema and found Plaintiff's history of pulmonary embolism to be severe. [Filing No. 9-2, at ECF p. 14.] Based on her review, the ALJ determined Plaintiff was limited to a range of medium work with additional postural limitations, and specifically found that Plaintiff must avoid concentrated exposure to dust, odors, fumes, and pulmonary irritants. [Filing No. 9-2, at ECF p. 18.] However, Plaintiff argues that the ALJ inconsistently summarized the record and failed to properly submit updated records for medical scrutiny, instead relying on her own lay experience and effectively playing doctor. *See, e.g., Akin v. Berryhill*, 887 F.3d 314, 317 (7th Cir. 2018) ("[W]ithout an expert opinion interpreting the MRI results in the record, the ALJ was not qualified to conclude that the MRI results were 'consistent' with his assessment.").

At the outset, the Court addresses Plaintiff's claim that the ALJ "did not even acknowledge that Plaintiff was diagnosed with COPD." [Filing No. 12, at ECF p. 11.] Plaintiff initially recognized that the ALJ did include "history of pulmonary embolism" in her finding of Plaintiff's severe impairments but argued that the ALJ did not demonstrate that she was aware Plaintiff was getting ongoing treatment for COPD. [Filing No. 12, at ECF p. 11-12.] In response, the Commissioner pointed to the ALJ's step two finding that Plaintiff had medically determinable impairments that included emphysema, which is a type of COPD. [Filing No. 14, at ECF p. 5.] In his reply brief, Plaintiff conceded that emphysema is a specific condition of a

group of more general lung disorders known as COPD, so the ALJ's omission of any reference to a COPD diagnosis could be excused.  [Filing No. 15, at ECF p. 1.]  However, Plaintiff continues to argue that the ALJ's analysis of Plaintiff's emphysema/COPD "is belied by the record." [Filing No. 15, at ECF p. 11.]

During the reconsideration stage, the ALJ reviewed medical records from May 2021, when Plaintiff was admitted to the hospital with complaints of shortness of breath and chest pain. Plaintiff had a medical scan called a computed tomography angiography (CTA) on May 5, 2021, which was positive for bilateral pulmonary emboli.  [Filing No. 9-8, at ECF p. 108.]  The ALJ also reviewed additional primary care records from March and April 2022 examinations of Plaintiff, which revealed "wheezing-moderate," a prescription for an inhaler, improvement with use of an inhaler, and that his COPD was "aggravated by activities of daily living, smoking, and strenuous activity."  [Filing No. 9-8, at ECF p. 215-222.]  The ALJ acknowledged that the record contained significant clinical findings, including decreased breath sounds and diffuse moderate wheezing bilaterally.  [Filing No. 9-2, at ECF p. 20.]  However, Plaintiff argues that the ALJ erroneously evaluated these more recent treatment records on her own, without properly submitting them for medical scrutiny, while finding outdated assessments persuasive.

For instance, the ALJ found the January 19, 2021, opinion of state agency physician Dr. M. Brill at the initial level to be persuasive, although "new evidence came in after Dr. Brill reviewed the records outlining stable and well controlled blood pressure at times, *intermittent issues with breathing*, dizziness and balance issues that seemed to coincide with dates of drinking, and then intermittent dizziness."  [Filing No. 9-2, at ECF p. 23 (emphasis added).]  Dr. Brill's assessment occurred months before Plaintiff received any COPD diagnosis.  On September 10, 2021, Dr. J. Sands, the medical consultant who reviewed the claim at the

5

reconsideration level, concluded that the record contained insufficient evidence to assess a physical RFC because Plaintiff had failed to cooperate by not returning functional report forms. [Filing No. 9-3, at ECF p. 41-43.] Thus, no medical source assessed the updated records.

The Seventh Circuit has explained that "[a]n ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." M*oreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018), *as amended on reh'g* (Apr. 13, 2018). *See also Pavlicek v. Saul*, 994 F.3d 777, 783-84 (7th Cir. 2021) ("An ALJ must not rely on a physician's assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the physician's views." (Internal citation and quotation marks omitted)). Plaintiff accurately points out that Dr. Sands, the only medical expert who reviewed the record with at least some of the updated medical records, did not give an assessment of Plaintiff's physical RFC. Moreover, the Commissioner does not even acknowledge that the ALJ alone interpreted the significance of Plaintiff's diagnostic CTA testing in May 2021.

In addition, even more recent primary care records from March and April 2022 indicated Plaintiff had been diagnosed with COPD that improved with the use of inhalers and was "aggravated by activities of daily living, smoking, and strenuous activity." [Filing No. 9-8, at ECF p. 218.] The Commissioner points to these records as evidence that Plaintiff had improved, so the ALJ was not required to submit that treatment record for medical scrutiny. [Filing No. 14, at ECF p. 9.] However, this argument goes beyond the reasoning in the ALJ's decision. The ALJ did not analyze the relevant treatment evidence, including Plaintiff's use of inhalers, or expressly rely on the rationale that the Plaintiff had improved with treatment. Rather, the ALJ explained only that the record did not show Plaintiff's emphysema caused symptoms or

limitations that affected his ability to do basic work-related activities for more than a 12-month period.  [Filing No. 9-2, at ECF p. 14.]  Thus, the Commissioner is prohibited from raising a new rationale or justification after the fact.  *See, e.g., SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943) (Commissioner is forbidden from raising rationalizations the ALJ did not make); *Zellweger v. Saul*, 984 F.3d 1251, 1254 (7th Cir. 2021) ("*Chenery* generally confines a reviewing court to the agency's actual rationale for its decision, not an after-the-fact justification.").

As explained above, Plaintiff identified objective diagnostic testing and clinical findings that supported his allegations of shortness of breath.  The crux of Plaintiff's argument is not that the ALJ completely failed to mention Plaintiff's diagnoses or clinical findings related to his shortness of breath.  Rather, it is that the ALJ was unqualified—without medical support—to interpret the objective medical evidence.  The ALJ impermissibly relied on her own, lay assessment to conclude that the more recent evidence of Plaintiff's COPD diagnosis and treatment did not require any adjustment of Plaintiff's exertional lifting capabilities beyond what Dr. Brill had assessed at the initial level.  At a minimum, the ALJ's decision lacks any logical bridge between the evidence and her conclusions.  *See, e.g., Gedatus*, 994 F.3d at 900.

Plaintiff demonstrates why this error is not harmless.  The ALJ found him capable of medium work.  However, the ALJ also recognized that Plaintiff changed age categories during the period under review and attained "advanced" age less than four months after his alleged onset date and before he applied for benefits.  [Filing No. 9-2, at ECF p. 24.]  If he were limited to light exertional work, the Medical-Vocational Guidelines would direct that Plaintiff be found disabled for that portion of the period under view that he was of advanced age.  *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 2, Rule 202.04.  Accordingly, remand is necessary so that Plaintiff's more recent medical records can be properly reviewed by a medical source.

### B.     Evaluation of Consultative Examiner Dr. Molly Etling's Medical Opinion

Plaintiff also argues that the ALJ erred in failing to properly evaluate the opinions of Dr. Etling. [Filing No. 12, at ECF p. 12.] At the initial level, Dr. Etling opined Plaintiff had significant restrictions in lifting, standing, and walking, including: walking one block; standing 15-20 minutes; climbing five steps; lifting 10 pounds with the right arm; lifting 5 pounds with the left arm; and lifting 10 pounds with both arms. [Filing No. 9-7, at ECF p. 152.] However, later in her opinion, Dr. Etling opined that Plaintiff could stand or walk for at least two hours in an eight-hour day and could lift or carry less than 10 pounds frequently and over 10 pounds occasionally with his unoccupied upper extremity. [Filing No. 9-7, at ECF p. 157.] The ALJ found Dr. Etling's opinions unpersuasive as not supported by her own examination or the treatment record. [Filing No. 9-2, at ECF p. 23.]

Plaintiff argues that the ALJ's summary of Dr. Etling's examination findings did not acknowledge that Dr. Etling found Plaintiff had "abnormal breath sounds with equal expansion that were diminished[.]" [Filing No. 9-7, at ECF p. 154.] In light of the Court's remand for an updated evaluation of Plaintiff's medical records, the Court need not further address Plaintiff's remaining arguments. On remand, the ALJ should properly evaluate Dr. Etling's opinion in the context of the full, updated record, so that relevant evidence related to Plaintiff's lung problems can be adequately considered when determining Plaintiff's RFC.

### IV.  Conclusion

For the foregoing reasons, Plaintiff's request for remand is granted. [Filing No. 12.] The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this opinion.

Date: 1/11/2024

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email